DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Anthony C, Sr., filed a notice of appeal of the judgment of the Lucas County Court of Common Pleas, Juvenile Division, which, pursuant to R.C. 2151.353, granted legal custody of Anthony C, Jr., also known as Ryan C, to Lucas County Children Services ("LCCS"). Before us is a motion filed by appellant, captioned: "Motion to Determine Scope of Appeal; To Determine Possible Mootness of Claim; or, In the Alternative, for Clarification of What Portions of Record Need Transcribed and for Enlargement of Time to Permit Transcription."
 {¶ 2} The motion asks us to determine whether "the issues relating to [Anthony C, Jr.'s] custody are moot since he has since been legally emancipated." As to whether Anthony C, Jr. is, in fact, now legally emancipated, appellant's counsel only states Anthony C, Jr.'s birthday. If Anthony C, Jr., has been emancipated such that the juvenile court no longer has jurisdiction, we must dismiss the appeal, since "[i]t is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." Miner v. Witt (1910),82 Ohio St. 237, syllabus.
 {¶ 3} The simple fact that Anthony C, Jr., is now 18 years of age is sufficient to categorize him as an "adult" pursuant to R.C. 2151.011(B)(2), which defines "adult" as "an individual who is eighteen years of age or older." R.C. 2151.011(B)(5) defines a "child" as "a person who is under eighteen years of age * * *." However, simply because Anthony C, Jr., is an "adult" does not mean that the juvenile court relinquishes jurisdiction over him; we must examine the nature of the order appealed.
 {¶ 4} Appellant initiated this appeal pro se and attached a copy of the judgment appealed. The judgment, entered on February 7, 2006, awards legal custody of Anthony C, Jr. to LCCS effective June 6, 2005, for the purpose of placing him in a planned permanent living arrangement, finding that continuation in the family home is contrary to his welfare. Previously, Anthony C, Jr. was adjudged dependent and abused and temporary custody was granted to LCCS. On November 30, 2004, LCCS moved for legal custody of Anthony C, Jr. and a sibling, Cody C, pursuant to R.C. 2151.353(A)(5). Pursuant to R.C. 2151.353(A)(5), after a "child" has been adjudicated dependent, neglected, or abused, a court may:
 {¶ 5} "Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in a planned permanent living arrangement and if the court finds, by clear and convincing evidence, that a planned permanent living arrangement is in the best interest of the child and that one of the following exists:
 {¶ 6} "(a) The child, because of physical, mental, or psychological problems or needs, is unable to function in a family-like setting and must remain in residential or institutional care.
 {¶ 7} "(b) The parents of the child have significant physical, mental, or psychological problems and are unable to care for the child because of those problems, adoption is not in the best interest of the child, as determined in accordance with division (D) of section 2151.414 of the Revised Code, and the child retains a significant and positive relationship with a parent or relative." R.C. 2151.353(A)(5).
 {¶ 8} A "planned permanent living arrangement" is defined as "an order of a juvenile court pursuant to which both of the following apply:
 {¶ 9} "(a) The court gives legal custody of a child to a public children services agency or a private child placing agency without the termination of parental rights.
 {¶ 10} "(b) The order permits the agency to make an appropriate placement of the child and to enter into a written agreement with a foster care provider or with another person or agency with whom the child is placed." R.C. 2151.011(B)(37).
 {¶ 11} With respect to the continuing jurisdiction over children for whom such an order has been issued pursuant to this statute, R.C. 2151.353(E) relevantly provides:
 {¶ 12} "The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years if the child is not mentally retarded, developmentally disabled, or physically impaired, the child attains the age of twenty-one years if the child is mentally retarded, developmentally disabled, or physically impaired, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414
or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school. The court shall make an entry continuing its jurisdiction under this division in the journal."
 {¶ 13} The order appellant appealed was entered February 7, 2006, before Anthony C, Jr. reached age 18. Since the order was issued pursuant to R.C. 2151.353(A)(5), the court retains jurisdiction over Anthony C, Jr. until he reaches age 18, or age 21 if he is "mentally retarded, developmentally disabled, or physically impaired,"or until the period of time which would allow him to graduate from high school or vocational school if the trial court made an entry continuing its jurisdiction as required. The record does not reflect that the trial court did order its continued jurisdiction. However, because the motion does not indicate, and the record does not reflect, whether Anthony C, Jr. is "mentally retarded, developmentally disabled, or physically impaired," the appeal is not definitively moot. See In re Kessler
(1993), 90 Ohio App.3d 231 (finding juvenile court's jurisdiction under order issued pursuant to R.C. 2151.353(A) continued to age 21 since child's diabetes rendered her "physically handicapped").
 {¶ 14} The instant motion also asks us to determine the "scope" of the appeal, since the father's pro se notice of appeal does not reference the other two children involved in this case, each of which received separate adjudications and at least one disposition.
 {¶ 15} An appeal is commenced by the filing of a notice of appeal. App. R. 3(A). Notices of appeal are required to, inter alia, "designate the judgment, order or part thereof appealed from * * *." Appellant's pro se notice of appeal attached a copy of the February 7, 2006 judgment of the juvenile court. This judgment only issued an order of disposition for Anthony C, Jr., as discussed supra. Therefore, the "scope" of the appeal is limited to the February 7, 2006 judgment entry.
 {¶ 16} The instant motion also notes that if we determine that the "scope" of the appeal includes Anthony C, Jr.'s siblings, then appellant requests a grant of additional time to transcribe the pertinent portions of the record. This appeal only pertains to the February 7, 2006 judgment entry and Anthony C., Jr. Since no transcripts have been filed, appellant is granted leave to file such transcripts that appellant deems pertinent to the appeal within 30 days of the date of this order.
Peter M. Handwork, J., Arlene Singer, P.J., William J. Skow, J., CONCUR.