[Cite as *State v. Miller*, 2015-Ohio-4413.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-15-1077 |
| Appellee | Trial Court No. CR0201301939 |
| v. | |
| Thomas S. Miller | **DECISION AND JUDGMENT** |
| Appellant | Decided: October 23, 2015 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Thomas S. Miller, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 25, 2015 judgment of the Lucas County

Court of Common Pleas, denying appellant's second petition for postconviction relief,

determining it to be barred by res judicata, untimely, and lacking in merit. For the

reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Thomas S. Miller, sets forth the following single assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY

LITIGATING A MATTER WITH WHICH THE TRIAL COURT DID

NOT ENJOY SUBJECT MATTER JURISDICTION.

{¶ 3} The following undisputed facts are relevant to this appeal. On June 8, 2013, appellant was discovered by the Toledo Police Department on the roof of a large commercial building in North Toledo. The business was closed and not operating at the time. A pair of cable cutters and a pair of vice grips were recovered adjacent to appellant. The electrical supply wires running between the power transformer and the building had been severed. The severed copper wires were recovered from appellant.

{¶ 4} Following these events, appellant was indicted on one count of disrupting public service, in violation R.C. 2909.04, a felony of the fourth degree, one count of breaking and entering, in violation of R.C. 2911.13, a felony of the fifth degree, and one count of possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree. Appellant was on active postrelease control for prior felony convictions at the time of this incident.

{¶ 5} On July 22, 2013, pursuant to a plea agreement, appellant pled guilty to the single count of disruption of public service. In exchange, the remaining felony charges pending against appellant were dismissed. On August 13, 2013, appellant was sentenced

2.

to a one-year term of incarceration, ordered to be served consecutively to a one-year term of incarceration imposed for the related postrelease control violation.

{¶ 6} Appellant's direct appeal of this matter was filed in 2013. On direct appeal, appellant challenged the validity of the sentence imposed by the trial court. On March 28, 2014, this court affirmed the judgment of the trial court in *State v. Miller*, 6th Dist. Lucas No. L-13-1196, 2014-Ohio-1309.

{¶ 7} On September 30, 2013, appellant filed a petition for postconviction relief. On December 23, 2013, it was denied. Appellant then filed the second appeal heard by this court in this matter. In this subsequent appeal, appellant again disputed the validity of the trial court sentence, asserted that due process of law was not adhered to, and maintained that the trial court committed error in connection to appellant's accompanying postrelease control violation. On February 13, 2015, this court affirmed the judgment of the trial court in *State v. Miller*, 6th Dist. Lucas No. L-14-1005, 2015-Ohio-566.

{¶ 8} On December 17, 2014, appellant filed a second petition for postconviction relief. On February 25, 2015, it was determined to be barred by res judicata, untimely, lacking in merit, and was denied. This third appeal of the matter ensued.

{¶ 9} In appellant's assignment of error, he contends that the trial court in the original 2013 case lacked subject-matter jurisdiction and thereby abused its discretion. Notably, the record reflects that this allegation has not previously been raised by appellant. As such, separate and apart from timeliness and merit considerations, we concur with the trial court conclusion that this claim fails based upon res judicata.

3.

**{¶ 10}** It is well-established that res judicata precludes an appellant from raising defenses or due process claims which could have been raised in past appeals of the underlying judgment. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6. Given this controlling legal parameter applicable to the instant case and the reflection in the record that the current subject-matter jurisdiction claims have not previously been raised by appellant during the history of this case, we find the assignment of error to be barred pursuant to the doctrine of res judicata and not well-taken.

**{¶ 11}** However, even assuming arguendo that res judicata is not applicable, we are not persuaded by appellant's unsupported contention that the trial court somehow lacked subject-matter jurisdiction to hear the underlying 2013 felony criminal case from which the instant matters arises. The record reflects appellant's current assertions to be wholly conclusory and not supported by the record. We find that in addition to res judicata, appellant's assignment of error is likewise not well-taken on the merits.

**{¶ 12}** On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs of this appeal.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.