[Cite as *State v. Milner*, 2020-Ohio-1160.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                    Court of Appeals No. E-19-053

     Appellee                                               Trial Court No. 2012 CR 0339

v.

Michael Milner                                              **DECISION AND JUDGMENT**

     Appellant                                             Decided:  March 27, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, for appellee.

Michael Milner, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated, pro se appeal of a September 3, 2019 nunc pro tunc trial court entry.  The entry was issued in connection to a 2019 motion filed by appellant stemming from appellant's 2014 murder conviction for the 2012 death of a three-year-old boy.

{¶ 2} We note that appellant's 2015 direct appeal of the underlying murder case was denied, and the underlying conviction and sentence were affirmed. *State v. Milner*, 6th Dist. Erie No. E-14-113, 2015-Ohio-2446. In addition, further review of our direct appeal decision in this case was denied by the Ohio Supreme Court in *State v. Milner*, 143 Ohio St.3d 1502, 2015-Ohio-4468, 39 N.E.3d 1272.

{¶ 3} For the reasons set forth more fully below, our disposition of the instant appeal is governed by res judicata and the law of the case doctrine. Accordingly, the judgment of the Erie County Court of Common Pleas is hereby affirmed.

{¶ 4} Appellant, Michael Milner, sets forth the following two assignments of error:

> 1. The assistance of trial counsel was ineffective.
>
> 2. The trial court erred by denying the motion to withdraw [the] guilty plea.

{¶ 5} The following undisputed facts are relevant to this appeal. On July 30, 2012, appellant killed the three-year-old son of appellant's live-in girlfriend. The autopsy performed by the Lucas County coroner's office revealed that the cause of death was blunt force trauma.

{¶ 6} The record reflects that appellant physically assaulted the boy so brutally that it caused a perforated right atrium of the heart, a lacerated liver, a lacerated mesentery artery, bilateral pulmonary contusions, and a host of other traumatic injuries,

2.

thereby killing the boy. Appellant waited for several hours after the boy's death to seek medical assistance for the already deceased victim.

{¶ 7} Appellant untenably maintained that the toddler had inflicted the above-described traumatic, fatal injuries upon himself. The overwhelming evidence reflected otherwise. In addition, the record encompassed voluminous evidence of prior child abuse investigations involving appellant and the victim by children's services.

{¶ 8} On August 15, 2012, appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(C), an unclassified felony, one count of murder, in violation of R.C. 2903.02(B), a felony of the first degree, one count of felonious assault, in violation of R.C. 2903.11(A), a felony of the second degree, and one count of child endangerment, in violation of R.C. 2919.22(B), a felony of the second degree.

{¶ 9} On May 28, 2014, pursuant to a negotiated plea agreement, appellant pled guilty to one count of aggravated murder, in violation of R.C. 2903.01(C), an unclassified felony. In exchange, the death penalty specification and the additional three felony offenses were dismissed.

{¶ 10} As part of the above-referenced plea agreement, the state also specifically requested that the trial court not impose a sentence of life without parole. However, following a two-day sentencing hearing, which carefully considered voluminous evidence from multiple expert and lay witnesses, the trial court determined that, given the extreme nature of this case, appellant should be sentenced to a prison term of life without parole. A timely, direct appeal was filed.

3.

{¶ 11} On direct appeal, appellant asserted that it was improper for the trial court to fail to adhere to the sentencing recommendation of the negotiated plea agreement. This argument was found not well-taken given the well-established rule that, "plea agreements are generally not binding upon the court." *Milner*, 6th Dist. Erie No. E-14-113, 2015-Ohio-2446, at ¶ 19. This court further held in relevant part that, "the record clearly reflects both that the trial court engaged in no conduct or communications that could conceivably be construed as constituting consent to be strictly bound to the sentencing recommendation of the plea agreement" and that it, "repeatedly and unequivocally conveyed this to appellant and confirmed appellant's understanding that the trial court was free to impose a maximum sentence."

{¶ 12} In the instant appeal, appellant attempts to relitigate the matter through an appeal of a motion-related, nunc pro tunc entry. This runs counter to res judicata and the law of the case doctrine.

{¶ 13} As affirmed by the Ohio Supreme Court in *Reid v. Cleveland Police Dept.*, 151 Ohio St.3d 243, 2017-Ohio-7527, 87 N.E.3d 1231, "[T]he law of the case [doctrine] is applicable to subsequent proceedings in the reviewing court as well as the trial court * * * [,] the law of the case doctrine exists to promote the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Reid* at ¶ 9-10.

{¶ 14} As similarly held in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 34, "The [law of the case] doctrine retains its vitality in Ohio. In discussing the doctrine, we have held that it precludes a litigant from attempting to rely

4.

on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal and noted that new arguments are subject to issue preclusion, and are barred."

{¶ 15} This court follows those principles and held in *State v. Barfield*, 6th Dist. Lucas Nos. L-06-1262 and L-06-1263, 2007-Ohio-1037, at ¶ 6, "[T]he principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised, or could have been raised, previously in an appeal."

{¶ 16} Approximately four years after the affirmation of appellant's conviction and sentence on direct appeal, and three years after the Ohio Supreme Court denied further review of this matter, appellant filed a Crim.R. 32.1 motion to withdraw his guilty plea. In support, appellant contended that his trial counsel failed to properly inform him of the consequences of his plea and improperly pressured him to consent to the plea agreement.

{¶ 17} In denying the motion, the court correctly held that it lacked jurisdiction to consider the motion under the facts and circumstances of the case. In addition, the court found that the motion would nevertheless fail because appellant did not demonstrate a manifest injustice so as to arguably warrant withdrawal of the plea.

{¶ 18} As directly analogous to the facts of this case, reasonable reliance upon counsel's representations about the sentence cannot be shown when the trial judge properly informs the defendant of the maximum penalty that can be imposed and advises that it is not required to adhere to the recommended sentence. *State v. Leonhart*, 4th Dist. Washington No. 13-CA-38, 2014-Ohio-5601, ¶ 49.

{¶ 19} In conjunction with the above, in *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59-60, the Ohio Supreme Court recognized that res judicata serves as a valid basis for the rejection of claims made in a Crim.R. 32.1 motion that were or could have been raised at trial or on direct appeal.

{¶ 20} Lastly, the trial court also lacked jurisdiction to consider appellant's Crim.R. 32.1 motion given that this court had already affirmed appellant's conviction on direct appeal. *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978).

{¶ 21} Wherefore, we find appellant's first and second assignments of error not well-taken and further find that this appeal is barred by res judicata and the law of the case doctrine. The judgment of the Erie County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____
                                                JUDGE
Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____
CONCUR.                                         JUDGE

                          _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.