[Cite as *State v. Smith*, 2020-Ohio-4977.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-190473
                                                   TRIAL NO. B-1506673
    Plaintiff-Appellee,             :

 vs.                                    :          *O P I N I O N.*

MAURICE SMITH,                          :

    Defendant-Appellant.            :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 21, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael K. Allen & Associates, Michael K. Allen* and *Bryan R. Perkins,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} In defendant-appellant Maurice Smith's third appeal to this court, he presents issues stemming from his original convictions that he should have raised (and in one instance, did raise) in his initial appeal, as well as a challenge to his resentencing upon the latest remand. After a thorough review of the record, we affirm the trial court's judgment.

I.

{¶2} Arrested in 2015 after burglarizing a drug dealer's apartment, Mr. Smith was apprehended by police as he sought to flee the scene with stolen marijuana and cocaine. Mr. Smith was ultimately convicted on five felony counts: burglary, trafficking in cocaine, possession of cocaine, possession of marijuana, and tampering with evidence. The trial court sentenced Mr. Smith to 16 years' imprisonment—7 years for burglary, and 9 years for the other four offenses (concurrently, with the burglary sentence consecutive to the other charges). On appeal, this court determined that two counts—trafficking in cocaine and possession of cocaine—should have merged as allied offenses. *See State v. Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, ¶ 65 (1st Dist.) We remanded for resentencing on that issue, but we otherwise affirmed the trial court's judgment. *See id.* at ¶ 71. Because the sentences for cocaine trafficking and cocaine possession already ran concurrently, Mr. Smith's total sentence remained unchanged upon resentencing. After resentencing, Mr. Smith appealed again, and we remanded because the trial court failed to issue necessary findings to support the imposition of consecutive sentences. *State v. Smith*, 1st Dist. Hamilton No. C-180165 (April 10, 2019). On remand, the trial court again imposed a 16-year sentence, which precipitated this appeal.

{¶3} In this latest appeal, Mr. Smith presents five assignments of error, all challenging various aspects of his sentences. But he runs afoul of a well-established legal principle concerning the right to litigate an issue—res judicata. Four of Mr. Smith's

assignments of error largely fall victim to that principle. We address those first, before turning to his remaining assignment of error concerning his resentencing.

II.

{¶4} Mr. Smith's first assignment of error characterizes burglary and trafficking as allied offenses, rendering separate sentences inappropriate. But this contention runs headlong into the barrier of *res judicata*, which prevents a defendant from raising any claim "that was raised or could have been raised" during a previous appeal. (Emphasis omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. As the Ohio Supreme Court explained, a defendant "cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing." *Id.* at ¶ 19. This applicability of res judicata prevents "endless relitigation" of issues that the defendant raised or could have raised during an earlier appeal. *Id.* at ¶ 18.

{¶5} During his first appeal, Mr. Smith argued that the two cocaine offenses—trafficking and possession—should have merged as allied offenses. And we agreed, vacating the sentences for those two offenses so that the state could elect which one to pursue on remand. *See Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, at ¶ 65. Although Mr. Smith presented that merger issue, he failed to raise this particular merger variant in that appeal, which now precludes him on res judicata grounds "from appealing that sentence following [the] remand for resentencing on other offenses." *Saxon* at ¶ 19. Mr. Smith offers no reason why he could not have raised the burglary-trafficking merger issue during his inaugural appeal, and we find it too late to do so now.

{¶6} In his second assignment of error, Mr. Smith contends that his consecutive sentences are disproportionate and constitute cruel and unusual punishment in

3

contravention of both the United States and Ohio Constitutions. But as he concedes, the Ohio Supreme Court recognizes that proportionality review should only focus on individual sentences, not the aggregate term. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 20 ("[F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively."). And Mr. Smith does not contest any of his individual sentences as running afoul of constitutional norms. Instead, he largely repackages his first assignment of error by portraying his sentence as disproportionate because the burglary and cocaine trafficking offenses represented a single act. But, as already noted, Mr. Smith had ample opportunity in his first appeal to broach this merger point. He cannot repackage it here under the guise of a constitutional violation.

{¶7} That same reasoning spells the demise of Mr. Smith's third assignment of error, in which he attacks his sentence as violating the Due Process Clause of the United States Constitution based on the inherent unfairness in consecutive sentences for the burglary and trafficking offenses. By now, it goes without saying that Mr. Smith cannot argue that these two offenses should have merged, and even if he could, his due process pitch would encounter problems with Ohio Supreme Court authority. *See State v. Arnett*, 88 Ohio St.3d 208, 218, 724 N.E.2d 793 (2000) ("It is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false * * * that renders the proceedings lacking in due process."), quoting *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Any due process concerns emanating from the lack of merger should have been raised during the first appeal.

{¶8}    Now we turn from arguments that Mr. Smith should have raised in the first appeal to one that he actually did.  In his fifth assignment of error, Mr. Smith challenges the sufficiency of the evidence for his conviction for cocaine trafficking.  We already considered this exact argument.  *See Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, at ¶ 59 ("In his ninth assignment of error, Smith claims his conviction[] for * * * trafficking in cocaine * * * [was] not supported by sufficient evidence * * * .").  And we concluded that his cocaine trafficking conviction *was* supported by sufficient evidence.  *See id.* at ¶ 62 ("Viewing this evidence in a light most favorable to the state, we conclude that the state proved the cocaine was intended for sale or resale.").  This assignment of error is therefore barred by the doctrine of the law of the case.  *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15 ("In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review.").

### III.

{¶9}    In his fourth assignment of error, Mr. Smith asserts that his consecutive sentences are contrary to law and must be vacated: (1) because the court failed to consider the factors set forth in R.C. 2929.12(C); and (2) because the record generally does not support its conclusion regarding the necessity of consecutive sentences.  Notably, he does not challenge his individual sentences.  As to the R.C. 2929.12(C) factors, the Ohio Supreme Court recently clarified that consecutive sentences can only be challenged under R.C. 2953.08(G)(2)(a).  *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16 ("[T]he General Assembly plainly intended R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences.").  Thus, absent a challenge to the

individual sentences, those R.C. 2929.12(C) factors fail to inform the imposition of consecutive sentences.

{¶10}   As to Mr. Smith's second contention that the record does not support the trial court's conclusion regarding the propriety of consecutive sentences, we disagree.  This court may only modify a sentence if we "clearly and convincingly" find that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4) or that "the sentence is otherwise contrary to law."  R.C. 2953.08(G)(2)(a) and (b); *Gwynne* at ¶ 16.  Here, the trial court recited various findings that supported consecutive sentences: (1) Mr. Smith had been to prison twice before; (2) he had previously violated probation five times; (3) he was on probation when he committed the offenses in this case; (4) his presentence report indicated a high risk for re-offense; and (5) his criminal history demonstrated that consecutive sentences were necessary to protect the public.  Mr. Smith does not contest the factual conclusions underlying the trial court's findings.  Thus, the record readily supports the trial court's consecutive sentence determination.  We therefore overrule this assignment of error.

\*       \*       \*

{¶11}   In light of the foregoing analysis, we overrule all of Mr. Smith's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion