[Cite as *Dickman v. Johnson*, 2025-Ohio-4349.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Jamie Dickman

    Appellee

v.

Jamar Johnson

    Appellant

Court of Appeals No.  L-25-00020

Trial Court No.  23 CVG 151

**DECISION AND JUDGMENT**

Decided: September 16, 2025

* * * * *

Misty Wood, for appellee.

Jamar Johnson, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Jamar Johnson, appeals the December 17, 2024 decision of the Oregon Municipal Court, denying Johnson's motion to dismiss judgment of eviction and Johnson's motion to set aside eviction pursuant to Civ.R. 60(B). Finding no error, we affirm.

{¶ 2} The dispute between Johnson and appellee, Jaime Dickman, originated in 2023. Johnson and Dickman entered into an oral agreement for the purchase of real property at 1060 Patchen Road, Oregon, Ohio. Although Johnson made a partial payment, took possession of the property, and commenced work, the transaction was not finalized and Johnson was asked to leave the property. When Johnson refused, Dickman filed a landlord complaint for possession of the property, which the trial court granted on September 15, 2023, after hearing.

{¶ 3} Johnson filed a timely appeal of the judgment, granting restitution of the property to Dickman on October 18, 2023, in case No. CL-23-1236. Johnson failed to file an appellate brief or otherwise pursue the appeal. On February 12, 2024, we dismissed the appeal pursuant to App.R. 18(C) and 6th Dist.Loc.App.R.5(B). Johnson filed a motion for reconsideration of the dismissal, which we denied.

{¶ 4} Following dismissal of his first appeal, Johnson sought further relief from the trial court. Johnson filed a motion to correct the record, seeking to place an unexecuted settlement agreement into the record and a reopening of the eviction case to argue the merits of the parties' oral purchase agreement. Dickman opposed the motion, arguing the matter was final as to disposition of the property upon the termination of appellate proceedings.

{¶ 5} On April 3, 2024, the trial court denied the motion to correct the record, noting the unexecuted agreement was admitted as evidence during the eviction proceedings and fully litigated. Johnson filed a follow-up motion, asking the trial court to

2.

clarify the court's decision to vacate a review date, prior to the 2023 eviction hearing, and to address the violation of his due process rights. On May 3, 2024, the trial court clarified the review date was set at Dickman's request, as a procedural matter, "if needed so the Court could keep track of the matter." The trial court clarified that a review date was not needed once settlement discussions failed and the matter proceeded to an eviction hearing on Dickman's amended complaint. Specifically, the settlement agreement would have provided for conveyance of the property to Johnson upon payment of the agreed-upon price, but Johnson did not remit that payment. The trial court further found no due process rights were violated in the 2023 proceedings.

{¶ 6} On May 15, 2024, Johnson filed a second appeal in case No. CL-24-1122, challenging the trial court's April 3 and May 3, 2024 entries. During the pendency of his second appeal, on May 20, 2024, Johnson filed a motion to dismiss the eviction action and a motion to set aside the eviction. The trial court stayed ruling on the motion pending the outcome of appellate proceedings. On October 25, 2024, we dismissed the second appeal, finding Johnson failed to file a brief or otherwise proceed, pursuant to App.R. 18(C) and 6th Dist.Loc.App.R. 5(B).

{¶ 7} On December 17, 2024, the trial court denied both pending motions. The trial court determined that Johnson "has not raised any issues for relief from judgment" as required under Civ.R. 60(B) and denied the motion to dismiss and the motion to set aside the eviction.

3.

{¶ 8} On January 16, 2025, Johnson filed the present appeal from the trial court's December 17, 2024 judgments. However, while challenging the denial of his motions seeking relief from judgment under Civ.R. 60(B), Johnson asserts the following as error in his appeal:

1. The trial court erred by failing to preserve any record or transcript of the proceedings, thereby denying Appellant's right to appellate review.

2. The trial court erred by allowing Appellee to file an amended complaint without notice, and by proceeding with a critical hearing on July 20, 2023 while Appellant was unlawfully excluded from the courtroom.

3. The trial court erred by enforcing the land purchase contract against Appellant even though Appellee failed to provide clear title as required by the agreement, and Appellee's counsel had improperly transferred title to his own company without probate clearance of a deceased co-owner's interest.

4. The trial court's actions, as described above, cumulatively violated Appellant's right to due process of law under the Ohio and United States Constitutions.

{¶ 9} In support of his assignments of error, Johnson addresses the underlying eviction proceeding, with copies of prior decisions from 2023 and 2024 attached as exhibits to his appellant's brief. Johnson's argument, however, raises no issues relative to the trial court's decisions in this appeal, his motions seeking relief from judgment under Civ.R. 60(B). Thus, Johnson's assignments of error address matters not appealed in the present case.

{¶ 10} The scope of an appeal is determined by the designation contained within the notice of appeal, filed pursuant to App.R. 3(A). *In re Anthony C.,* 2006-Ohio-6812, ¶

4.

15 (6th Dist.) (because judgment attached to notice of appeal "only issued an order of disposition for Anthony C. … the 'scope' of the appeal is limited" to that entry). Based on Johnson's notice of appeal, he is appealing the trial court's denial of his motion under Civ.R. 60(B).

{¶ 11} We are limited to considering his assignments of error, however, as "[a]n appellate court rules on assignments of error only, and cannot address mere arguments." *Knous v. Bauer,* 2023-Ohio-2622, ¶ 32 (6th Dist.), quoting *Gilliam v. Rucki,* 2023-Ohio-1413, ¶ 27 (6th Dist.); *see also* App.R. 12(A)(1)(b). Thus, Johnson has provided no basis for considering the judgments he has appealed in the present matter, arguing, instead, the merits of prior judgments that became final and the law of the case upon dismissal of his prior appeals. *See, e.g., Ogline v. Sam's Drug Mart, LLC,* 2014-Ohio-2355, ¶ 33 (5th Dist.) ("Once this Court dismissed the initial appeal pursuant to App.R. 18(C), we, in effect, affirmed the trial court's judgment, which is now the law of the case."); (citation omitted) *State v. Milner,* 2020-Ohio-1160, ¶ 13 (6th Dist.) (the law of the case doctrine prevents the "agitation of settled issues"). This finality also bars further litigation in a subsequent appeal, based on res judicata. *See State v. Smith,* 2020-Ohio-4977, ¶ 4 (1st Dist.); (citation omitted) *State v. Miller,* 2015-Ohio-4413, ¶ 10 (6th Dist.) ("It is well-established that res judicata precludes an appellant from raising [claims] which could have been raised on past appeals of the underlying judgment.").

{¶ 12} Accordingly, as the scope of the appeal is limited to the trial court's judgments under Civ.R. 60(B), and Johnson argues only matters unrelated to the Civ.R.

5.

60(B) determination, not properly before this court for review, we find Johnson's assignments of error not well-taken.

{¶ 13} We affirm the judgments entered by the Oregon Municipal Court on December 17, 2024. Johnson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.