[Cite as *LVNV Funding, L.L.C. v. Smith*, 2026-Ohio-1404.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| LVNV Funding, LLC | Court of Appeals No. {22}E-25-044 |
| Appellee | Trial Court No. CVF 2300715 |
| v. | |
| Shardaye Smith | **DECISION AND JUDGMENT** |
| Appellant | Decided: April 17, 2026 |

* * * * *

Shardaye Smith, pro se, appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Shardaye Smith appeals the August 20, 2025 judgment of the Sandusky Municipal Court, which adopted the magistrate's decision denying Smith's Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On April 25, 2023, appellee LVNV Funding, LLC ("LVNV") filed a complaint in the Sandusky Municipal Court seeking a judgment of $1,871.99 for Smith's

failure to pay her credit card account. Attached to the complaint was a copy of the account statement addressed to Smith and "Bobbie J Delk" at 404 Fulton St., Sandusky OH 44870. On April 28, 2023, service was sent by certified mail to 404 Fulton St. It was signed for by "Bobbie" at that address.

{¶ 3} On May 18, 2023, Smith filed a "Notice of Special Appearance/Affidavit of Fact" in which she contested jurisdiction, claiming, inter alia,

> I, Shardaye Jeacole Malik Bey, am Consul/ Authorized Representative for (Ex. Rel. SHARDAYE J. SMITH, ens legis), I am Aboriginal and Indigenous to the North American Continent by birthright. In the spirit of Amity, Peace and Friendship I demand that there be no misunderstanding as to who I am, I am NOT the 14th fictitious corporate person, I am the Natural Person as emphasized in the case heading above. All Inalienable and Substantive Rights bestowed upon me by Nature's God Allah, I invoke them and at no point do I consent to be in any jurisdiction other than in the jurisdiction of my Ancient Foremothers and Forefathers of the Moroccan Empire.

{¶ 4} On August 30, 2023, LVNV moved for summary judgment. Attached to its motion was an affidavit of Pamela Jordan, who attested that she was an authorized representative for LVNV who had personal knowledge of LVNV's creation and maintenance of its business records. Jordan authenticated Smith's account statements showing the balance due of $1,871.99. Further, Jordan stated that Smith's account was created by Synchrony Bank, which then transferred ownership of the account to LVNV. Documents memorializing that transfer were attached to Jordan's affidavit. Smith did not respond to LVNV's motion for summary judgment.

{¶ 5} On September 28, 2023, the trial court entered summary judgment in favor of LVNV.

2.

{¶ 6} Over a year later, on June 20, 2025, Smith moved for relief from the trial court's judgment pursuant to Civ.R. 60(B)(1) and (5). She alleged that she did not receive proper service of process in that the summons and complaint were sent to an address where she did not reside, she did not sign for the certified mail, and she "was unaware of the lawsuit until after judgment had been entered." She further denied, in general terms, the validity of the debt. On July 2, 2025, Smith filed an amendment to her Civ.R. 60(B) motion, asserting a claim for relief under Civ.R. 60(B)(4) and (5) that her due process rights were violated because the trial court lacked personal jurisdiction over her at the time of the judgment.

{¶ 7} On July 23, 2025, the magistrate entered its decision denying Smith's Civ.R. 60(B) motion. The magistrate found that Smith was properly served as evidenced by the signed receipt for certified mail service. Further, the magistrate noted that Smith had knowledge of the complaint as evidenced by her May 13, 2023 filing in which she contested the jurisdiction of the court. In addition to the issue pertaining to service, the magistrate also found that Smith's Civ.R. 60(B) motion must fail because Smith did not establish a meritorious defense and her motion was untimely filed more than a year after the judgment.

{¶ 8} Smith filed objections to the magistrate's decision, again asserting that she was not properly served, and also maintaining that her Civ.R. 60(B) motion was timely. Smith did not argue or present a meritorious defense to the underlying claim.

3.

{¶ 9} LVNV opposed Smith's objections, arguing that it properly served Smith in accordance with the Rule of Civil Procedure, and Smith failed to rebut the presumption that she received service. It cited Smith's May 18, 2023 filing as evidence that Smith was aware of the lawsuit and was willing to participate.

{¶ 10} On August 12, 2025, Smith filed her reply in support of her objections, to which she attached an affidavit that authenticated utility bills showing her with a different address in April 2023. She also filed a "Notice of Failure to Validate Debt," in which she alleged that she sent a written "Debt Validation Letter" to the attorneys representing LVNV but has not received a response.

{¶ 11} On August 20, 2025, the trial court entered its judgment overruling Smith's objections and adopting the magistrate's decision.

{¶ 12} Thereafter, Smith submitted four filings to the trial court. First was a "Defendant's Evidentiary Supplement Regarding Improper Service of Judgment Entry Under Ohio Civ.R. 58(B)" in which she argued that she was not properly served with the trial court's August 20, 2025 judgment entry. Second, she filed a "Defendant's Motion to Clarify Service and Toll Time to Appeal," again claiming that she was not properly served with the August 20, 2025 judgment entry. In both of those filings, Smith admitted that she received the judgment entry in her P.O. Box on August 21, 2025, but complained that it did not contain a postmark or any indication of the mailing date. Third, she filed a "Defendant's Supplemental Notice to the Court Re: Continued Collection Activity and Multiple Agencies" in which she argued that LVNV has continued its collection practices

4.

despite still not responding to her Debt Validation Request. Finally, she filed a "Defendant's Motion For Refund of Improper Filing Fee," in which she sought a refund of the $50.00 fee for filing her objections to the magistrate's decision.

{¶ 13} On September 19, 2025, Smith filed her notice of appeal of the trial court's August 20, 2025 judgment entry denying her Civ.R. 60(B) motion to dismiss.

{¶ 14} After her notice of appeal was filed, on September 22, 2025, the trial court entered a judgment denying Smith's motion for refund of filing fees and striking from the record Smith's "Defendant's Evidentiary Supplement Regarding Improper Service of Judgment Entry Under Ohio Civ.R. 58(B)," "Defendant's Motion to Clarify Service and Toll Time to Appeal," and "Defendant's Supplemental Notice to the Court Re: Continued Collection Activity and Multiple Agencies."

## II. Assignments of Error

{¶ 15} Smith, appearing pro se, now asserts four assignments of error for review:

1. The trial court erred in denying Appellant's Civ.R. 60(B) motion despite clear evidence of defective service and lack of jurisdiction.

2. The trial court acted without jurisdiction when striking filings after Appellant's Notice of Appeal had been filed on September 19, 2025.

3. The trial court erred in considering unauthenticated business records not supported by proper affidavits or foundation.

4. Appellee violated 15 U.S.C. § 1692g(b) by continuing to collect on a disputed debt without providing validation.

## III. Analysis

{¶ 16} Smith's first and third assignments of error are related and will be addressed together.

{¶ 17} In her first assignment of error, Smith asserts that the trial court erred when it denied her Civ.R. 60(B) motion for relief from judgment. To be entitled to Civ.R. 60(B) relief, a movant must "'demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Moore v. ThorWorks Industries, Inc.*, 2024-Ohio-1617, ¶ 91 (6th Dist.), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). "An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion." *ThorWorks* at ¶ 91, citing *Rose Chevrolet* at 20.

{¶ 18} Smith argues that the trial court's judgment was void because she was not properly served with the complaint. Further, in her third assignment of error, she argues that LVNV's evidence submitted in support of its motion for summary judgment was unauthenticated and inadmissible. Both arguments relate to the meritorious defense prong of her Civ.R. 60(B) motion. Neither, however, have merit.

6.

{¶ 19} First, Smith was served with the complaint by certified mail in accordance with Civ.R. 4.1(A)(1)(a) at the address listed on her credit account, "[e]videnced by return receipt signed by any person accepting delivery." "If a plaintiff follows the civil rules in a given case, it is presumed that 'service was proper unless the defendant rebuts this presumption with sufficient evidence of nonservice.'" *Griffin v. Braswell*, 2010-Ohio-1597, ¶ 15 (6th Dist.), quoting *Calvary Invests., L.L.C. v. Clevenger*, 2005-Ohio-7003, ¶ 10 (6th Dist.); *Yost v. McNea*, 2021-Ohio-2145, ¶ 22 (6th Dist.).

{¶ 20} Smith has not rebutted the presumption of proper service. "When it comes to service, the basic requirement is that the 'notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Hunt v. Alderman*, 2025-Ohio-2944, ¶ 14, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The service in this case was reasonably calculated to inform Smith as it was sent to the address listed on her credit account. Although she eventually submitted an affidavit and utility bills listing a different address in April 2023, her affidavit contains the demonstrable falsehood that she "first became aware of this lawsuit only after judgment had already been entered against [her.]" The fact that she filed a motion contesting jurisdiction three weeks after service of the complaint proves that she was aware of the lawsuit. Smith, therefore, cannot demonstrate a meritorious defense of lack of service of process.

**{¶ 21}** Turning to her bald claim that LVNV's evidence in support of its motion for summary judgment was unauthenticated and inadmissible, the record proves otherwise. Attached to the motion for summary judgment was Pamela Jordan's affidavit in which she attested, inter alia:

> I am an Authorized Representative for LVNV Funding LLC (hereafter the "Plaintiff") and hereby certify as follows:
>
> 1. I have personal knowledge regarding Plaintiff's creation and maintenance of its normal business records, including computer records of its accounts receivable. These business records, including any records attached hereto as exhibits, are regularly and contemporaneously kept and maintained in the regular and normal course of Plaintiff's business. . . .
>
> . . .
>
> 6. I have personally reviewed all documents attached hereto as Exhibits A, B, and C, which are true and correct copies of relevant documents from the Plaintiff's business records on the Account.
> Exhibit A: Transaction History
> Exhibit B: Seller Data Document and Chain of Title
> Exhibit C: Terms and Conditions.

The attached exhibits show Smith's account and the past due balance and the transfer of the account to LVNV. Smith, therefore, has not demonstrated a meritorious defense to the underlying claim that she failed to pay her credit account.

**{¶ 22}** In addition to failing to demonstrate a meritorious defense, Smith has not demonstrated grounds for relief under Civ.R. 60(B)(1) through (5), nor has she satisfied the requirement that her motion be timely filed as it was submitted approximately 21 months after summary judgment was entered against her. She therefore has failed to

satisfy any of the prongs under *GTE Automatic* for relief pursuant to Civ.R. 60(B).  The trial court did not abuse its discretion when it denied her motion.

{¶ 23} Alternatively, Smith argues under her first assignment of error that the trial court's judgment is void for lack of service.  Notably, she refers to service of the August 20, 2025 judgment entry, not to service of the complaint in the underlying collection action.

{¶ 24} Smith maintains that the trial court violated Civ.R. 58(B), which provides,

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket.  Upon serving the notice and notation of the service in the appearance docket, the service is complete.  The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

Specifically, she argues that the August 20, 2025 judgment entry was mailed without a canceled stamp or postmark and that there is no docket notation of service.

{¶ 25} Assuming for purposes of this appeal only that the trial court failed to comply with Civ.R. 58(B), Smith cannot demonstrate reversible error.  "It is fundamental that, to demonstrate reversible error on appeal, Appellants must not only demonstrate error by the trial court but they must also demonstrate that they were materially prejudiced by that error."  *Graves Lumber Co. v. Croft*, 2014-Ohio-4324, ¶ 54 (9th Dist.). Smith has not been prejudiced.  As described in Civ.R. 58(B), any failure in the technical procedure of service does not affect the validity of the judgment.  Furthermore, the

9.

judgment was delivered and received by Smith the day after it was entered and she timely filed her notice of appeal.

{¶ 26} Accordingly, Smith's first and third assignments of error are not well-taken.

{¶ 27} In her second assignment of error, Smith argues that the trial court erred when it entered its September 22, 2025 judgment striking her filings after she filed her notice of appeal on September 19, 2025.  She contends that her notice of appeal deprived the trial court of jurisdiction to act.

{¶ 28} Smith, however, did not amend her notice of appeal to include the September 22, 2025 judgment.  It, therefore, is not properly before the court.  *See Dickman v. Johnson*, 2025-Ohio-4349, ¶ 10 (6th Dist.) ("The scope of an appeal is determined by the designation contained within the notice of appeal, filed pursuant to App.R. 3(A)."); App.R. 3(D) ("The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.").

{¶ 29} Accordingly, her second assignment of error is not well-taken.

{¶ 30} Finally, in her fourth assignment of error, Smith argues that LVNV violated 15 U.S.C. § 1692g(b) by continuing to collect on the debt without providing validation. Smith did not raise this as a counter-claim in the trial court and it is not relevant to the trial court's denial of her Civ.R. 60(B) motion that is before this court on appeal.

{¶ 31} Smith's fourth assignment of error is not well-taken.

## IV. Conclusion

{¶ 32} For the foregoing reasons, this court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky Municipal Court is affirmed. Smith is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.